UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON BULLOCK,<br><br>        Plaintiff,<br><br>    vs.<br><br>WASCO STATE PRISON MEDICAL,<br><br>        Defendant. | 1:14-cv-00092-GSA-PC<br><br>ORDER GRANTING LEAVE TO AMEND THE COMPLAINT<br><br>ORDER DIRECTING CLERK TO FILE SECOND AMENDED COMPLAINT LODGED ON DECEMBER 19, 2014 (Doc. 14.) |

## I.     BACKGROUND

Gordon Bullock ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on December 24, 2013, at the United States District Court for the Northern District of California. (Doc. 1.) On January 8, 2014, the case was transferred to the United States District Court for the Eastern District of California. (Doc. 5.) On March 31, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 11.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On November 13, 2014, the court dismissed the Complaint for failure to state a claim, with leave to amend. (Doc. 12.) On December 19, 2014, Plaintiff filed the First Amended Complaint, which awaits the court's requisite screening. (Doc. 13.) On December 19, 2014, Plaintiff lodged a proposed Second Amended Complaint. (Doc. 14.)

## II.   LEAVE TO AMEND – RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Id. Here, because Plaintiff has already amended the complaint more than once, Plaintiff requires leave of court to file a Third Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

**Discussion**

The court finds no bad faith or futility in Plaintiff's proposed amendment. The proposed Second Amended Complaint arises from the same events at issue in the Complaint for this action. Because the First Amended Complaint awaits the court's requisite screening and has not been served, there will be no undue delay or prejudice to Defendants in allowing Plaintiff to proceed with the Second Amended Complaint. Therefore, Plaintiff shall be granted leave to amend, and the Second Amended Complaint shall be filed.

///

///

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff is granted leave to amend the complaint;
2. The Clerk is directed to file the proposed Second Amended Complaint which was lodged on December 19, 2014; and
3. The Second Amended Complaint shall be screened in due course.

IT IS SO ORDERED.

Dated:   **May 28, 2015**                               **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE