UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON BULLOCK,<br><br>        Plaintiff,<br><br>    vs.<br><br>WASCO STATE PRISON MEDICAL,<br><br>        Defendant. | 1:14-cv-00092-GSA-PC<br><br>ORDER DIRECTING CLERK TO FILE THIRD AMENDED COMPLAINT LODGED ON JULY 16, 2015<br>(ECF No. 17.) |

I.  **BACKGROUND**

Gordon Bullock ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on December 24, 2013, at the United States District Court for the Northern District of California.  (Doc. 1.)  On January 8, 2014, the case was transferred to the United States District Court for the Eastern District of California.  (Doc. 5.)  On March 31, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 11.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall

conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On November 13, 2014, the court dismissed the Complaint for failure to state a claim, with leave to amend.  (ECF No. 12.)  On December 19, 2014, Plaintiff filed the First Amended Complaint.  (ECF No. 13.)  On December 19, 2014, Plaintiff lodged a proposed Second Amended Complaint. (ECF No. 14.)  The court construed Plaintiff's lodged Second Amended Complaint as a motion for leave to amend, and on May 29, 2015, the court issued an order granting Plaintiff leave to amend and directing the Clerk to file the lodged Second Amended Complaint.  (ECF No. 15.)  The Second Amended Complaint was filed on May 29, 2015. (ECF No. 16.)  On July 16, 2015, Plaintiff lodged a proposed Third Amended Complaint. (ECF No. 17.)

## II.     DISCUSSION

Plaintiff indicates on the front page of the lodged Third Amended Complaint that he is submitting the Third Amended Complaint in response to the court's order of May 29, 2015. (ECF No. 17 at 1.)  Plaintiff also indicates that he is amending the complaint to identify defendants whose names were not known at the time the original Complaint was filed.  (Id.)

It is apparent that Plaintiff submitted the Third Amended Complaint with intent to comply with the court's May 29, 2015 order which granted him leave to amend the complaint. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Here, the court finds no bad faith or futility in Plaintiff's amendment.  The Third Amended Complaint arises from the same events at issue in the Complaint for this action. Because the Second Amended Complaint awaits the court's requisite screening and has not

been served, there will be no undue delay or prejudice to Defendants in allowing Plaintiff to proceed with the Third Amended Complaint.

Plaintiff is advised that if he seeks to amend the complaint in the future, he should file a motion to amend and submit a proposed amended complaint for the court's review.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk is directed to file the Third Amended Complaint which was lodged on July 16, 2015; and

2. The Third Amended Complaint shall be screened in due course.

IT IS SO ORDERED.

Dated: **August 20, 2015**               **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE