UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GORDON BULLOCK,

          Plaintiff,

    vs.

WASCO STATE PRISON MEDICAL,
et al.,

         Defendants.

1:14-cv-00092-EPG-PC

ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO AMEND, FOR LIMITED
PURPOSE
(ECF No. 23.)

ORDER DENYING REQUEST FOR COURT
RULES, WITHOUT PREJUDICE

THIRTY DAY DEADLINE TO FILE
FOURTH AMENDED COMPLAINT AS
INSTRUCTED BY THIS ORDER

## I.      BACKGROUND

      Gordon Bullock ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.   Plaintiff filed the Complaint commencing this action on December 24, 2013, at the United States District Court for the Northern District of California.  (ECF No. 1.)  On January 8, 2014, the case was transferred to the United States District Court for the Eastern District of California.  (ECF No. 5.)

On March 31, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (ECF No. 11.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

Plaintiff's Third Amended Complaint, filed on August 20, 2015, awaits the requisite screening by the Court.  (ECF No. 21.)  On February 18, 2016, Plaintiff filed a motion requesting leave to amend the complaint.  (ECF No. 23.)

## II.   LEAVE TO AMEND – RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Fed. R. Civ. P. 15(a).  Otherwise, a party may amend only by leave of the Court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Id.  Here, because Plaintiff has already amended the complaint more than once, Plaintiff requires leave of Court to file a Fourth Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Plaintiff seeks to amend the complaint "to Deliberate Indifference which caused many serious health problems, pain and suffering including a heart attack, Amending to dissmiss [*sic*] Valley Fever Claim of this case, requesting to proceed with case without Valley Fever issue (being handled by attorney on Class Action lawsuit)."  (ECF No. 23 at 1.)  Plaintiff also requests "rules of court by which to proceed."  (Id.)

**Discussion**

The Court has made a cursory review of the Third Amended Complaint and finds that it stems from Plaintiff's allegations that medical personnel at Wasco State Prison provided him with inadequate medical care, causing him to suffer a heart attack and contract Valley Fever. Plaintiff has not submitted a proposed Fourth Amended Complaint, but he indicates his intention to file a Fourth Amended Complaint which omits his claims related to Valley Fever. The Court finds no bad faith or futility in Plaintiff's proposed amendment.  It appears that Plaintiff's proposed Fourth Amended Complaint shall arise from the same events at issue in the Third Amended Complaint for this action.  Because the Third Amended Complaint awaits the Court's screening and has not been served, there will be no undue delay or prejudice to Defendants in allowing Plaintiff to proceed with a Fourth Amended Complaint.

Based on the foregoing, the Court finds good cause to grant Plaintiff leave to amend the complaint to omit his claims related to Valley Fever.

## III.   REQUEST FOR COURT RULES

Plaintiff requests unspecified "rules of court by which to proceed."  (ECF No. 23 at 1.) The Court no longer provides paper copies of the complete set of Local Rules to litigants, because the Local Rules are now available online via the Court's website.  However, Plaintiff is not precluded from filing a request for copies of specific rules, showing good cause why he requires copies of those rules, and the Court will consider his request.  Plaintiff is also directed to the First Informational Order which was mailed to him on January 22, 2014 and contains information about pertinent court rules to be followed in this case.  (ECF No. 8.)

## IV.   CONCLUSION AND ORDER

Plaintiff shall be granted leave to file a Fourth Amended Complaint for the limited purpose of omitting his claims related to Valley Fever, within thirty days.  However, Plaintiff may not add unrelated claims in the amended complaint, or allegations of events occurring after the original Complaint was filed on December 24, 2013.

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

rights, <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009); <u>Jones</u>, 297 F.3d at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" <u>Id.</u> at 678 (quoting <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555 (2007). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. <u>Iqbal</u>, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff is advised that a short, concise statement of the allegations in chronological order will assist the Court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of Plaintiff's rights. Plaintiff should also describe any harm he suffered as a result of the violation.

Plaintiff is also advised that an amended complaint supercedes the prior complaint, <u>Lacey v. Maricopa County</u>, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220. Once an amended complaint is filed, the prior complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Fourth Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, IT IS HEREBY ORDERED that:

1.   Plaintiff's motion for leave to amend, filed on February 18, 2016, is GRANTED, for the limited purpose of filing a Fourth Amended Complaint omitting his claims related to Valley Fever;

2.   The Clerk is directed to send Plaintiff a civil rights complaint form;

3.   Within thirty days from the date of service of this order, Plaintiff shall file a Fourth Amended Complaint as instructed by this order;

///

///

4

4.    The Fourth Amended Complaint shall be clearly and boldly titled "Fourth Amended Complaint," refer to case number 1:14-cv-00092-EPG-PC, and be an original signed under penalty of perjury;

5.    Plaintiff's request for copies of unspecified court rules is DENIED; and

6.    Plaintiff's failure to comply with this order may result in the dismissal of this case.

IT IS SO ORDERED.

Dated:   __April 21, 2016__                    /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE

5