# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON BULLOCK,<br><br>            Plaintiff,<br><br>     vs.<br><br>BROCK SNEELA, *et al*.<br><br>            Defendants. | Case No. 1:14-cv-00092-EPG-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND REQUEST FOR INITIAL DISCLOSURES<br><br>(ECF Nos. 35, 36) |

    Plaintiff Gordon Bullock is proceeding *pro se* and *in forma pauperis* in this action alleging violations of 42 U.S.C. § 1983. On January 12, 2017, Plaintiff filed a motion for the appointment of counsel. (ECF No. 35.) On the same date, Plaintiff also filed a request for initial disclosures. (ECF No. 36.) The Request appears to be a letter addressed to defense counsel and attaches documents that Plaintiff wishes to disclose to Defendants. The Request does not ask that the Court take any action and appears to be discovery correspondence between the parties.

    To the extent it is requesting the Court to compel discovery, the request is DENIED as premature.  The Courts must comply with the order requiring initial disclosures as set forth in the Court's December 13, 2016 order (ECF No. 34) but no further discovery is permitted at this time.  The Court will allow for general discovery following the scheduling conference set for April 10, 2017 at 2:00 pm.

1

Plaintiff is further advised that he should not file discovery documents with the Court unless there is a hearing or other proceeding in which the discovery is at issue. *See* Local Rules 250.1, 250.2, 250.3.

As to Plaintiff's request for appointment of counsel, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. The Court thus construes Plaintiff's motion as a motion to request the voluntary assistance of counsel.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (internal quotation marks and citations omitted).

Plaintiff argues that exceptional circumstances exist because he is currently incarcerated and thus has limited ability to litigate. He also that he is proceeding *in forma pauperis* and thus cannot afford an attorney.

Plaintiff's case does not demonstrate the exceptional circumstances required for the appointment of counsel. The Court oversees dozens of cases involving incarcerated individuals proceeding *in forma pauperis* and Plaintiff's claims are no more complex than any other claim brought by an incarcerated plaintiff.

\\\
\\\
\\\
\\\
\\\

1   Plaintiff's motion to request the voluntary assistance of counsel (ECF No. 35) is
2   DENIED.
3
4   IT IS SO ORDERED.
5
    Dated:   **January 17, 2017**                      /s/ Erica P. Grosjean
6                                                      UNITED STATES MAGISTRATE JUDGE