# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON BULLOCK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BROCK SHEELA, *et al.*,<br><br>　　　　Defendants. | Case No. 1:14-cv-00092-DAD-EPG-PC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF**<br><br>(ECF Nos. 54, 55, 60, 65, 68)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN TWENTY ONE DAYS**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND AND MOTIONS FOR CRIMINAL INVESTIGATIONS, AND GRANTING PLAINTIFF'S MOTION FOR A COPY OF COURT DOCUMENTS**<br><br>(ECF Nos. 65, 68) |

**I.　BACKGROUND**

Gordon Bullock ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action by the filing of a Complaint on December 24, 2013. (ECF No. 1.) On November 13, 2014, pursuant to 28 U.S.C. § 1915A(a), the Court dismissed the Complaint with leave to amend. (ECF No. 12.) Plaintiff filed a First Amended Complaint on December 19, 2014. (ECF No. 13.) On the same date, Plaintiff also lodged a proposed Second Amended Complaint, which was filed pursuant to court order dated May 28, 2015. (ECF Nos. 14, 15.) Plaintiff filed a Third Amended Complaint

1

on August 20, 2015. (ECF No. 21.) On February 18, 2016, Plaintiff requested permission to further amend his complaint, (ECF No. 23), which the Court on April 21, 2016. (ECF No. 24.) Plaintiff filed a Fourth Amended Complaint on May 16, 2016, in which he alleges that he exhibited symptoms of medical distress, but was denied care in retaliation for his filing of a grievance alleging racial discrimination. (ECF No. 25.) The Court screened Plaintiff's Fourth Amended Complaint, and found cognizable claims against Brock Sheela, a Primary Care Provider at Wasco State Prison, and C. Rios, a Registered Nurse at Wasco State Prison, for deliberate indifference to serious medical needs and retaliation in violation of the Eighth Amendment and First Amendment, respectively. This action is now proceeding on Plaintiff's Fourth Amended Complaint against Brock Sheela and C. Rios. (ECF No. 26.)

On May 11, 2017, Plaintiff filed a motion to compel. (ECF No. 54.) In the motion, Plaintiff alleges that the California Department of Corrections and Rehabilitation ("CDCR") has perpetrated abuses against him by denying him access to the law library at California Health Care Facility ("CHCF"), taking a lock from his locker, breaking his glasses, taking his pens, legal papers, envelopes, spoons, blankets, sheets, and a state-issued jacket, and by failing to transfer him to a different facility because of his diagnosis of Valley Fever. Plaintiff also alleges that the Office of the Attorney General of the State of California ("OAG") has perpetrated abuses against him by taking his jacket and exposing him to the cold to "maybe" intentionally try to slowly kill him. *Id.* Plaintiff requests the following relief: (1) his transfer from CHCF; (2) access to the facility's law library; and (3) cessation of harassment in the form of reading and taking his legal papers and personal items. *Id.*

On May 15, 2017, Plaintiff filed another motion to compel. (ECF No. 55.) In the motion, Plaintiff alleges that he was denied access to the law library and access to copy legal documents at CHCF. *Id.* Plaintiff further alleges that his legal mail was opened outside of his presence, and his personal items were taken in retaliation for his filing grievances. *Id.* Plaintiff seeks the following relief: (1) access to the law library at CHCF; (2) sanctions restricting CHCF employees from opening Plaintiff's legal mail; (3) an order directing that searches of Plaintiff's personal

property be conducted in his presence; and (4) sanctions for all forms of retaliation and harassment against Plaintiff by CHCF employees. *Id.*

On May 31, 2017, Defendants filed an opposition to Plaintiff's motions to compel. (ECF No. 56.) Defendants argue that Plaintiff's motions, (ECF Nos. 54, 55), are identical to motions to compel previously rejected by the Court. (ECF Nos. 41, 43, 45, 46.) Defendants further argue that Plaintiff has requested relief against parties not before the Court, has failed to exhaust his administrative remedies, and has provided no evidence to support his allegations against the OAG. (ECF No. 56.)

On July 20, 2017, Plaintiff filed an emergency motion to compel the Court to transfer him to another facility for safety reasons ("the July 20, 2017 Motion"). (ECF No. 60). Plaintiff states that on April 28, 2017, in an attempt to prevent him from maintaining or initiating legal proceedings, his glasses were broken and his ink pens, pencils, writing paper, and indigent envelopes were taken. Further, on June 27, 2017, Sgt. Hammoudeh, a correctional officer at CHCF, told Plaintiff that he was tired of Plaintiff filing grievances and was going to tear up Plaintiff's locker. Plaintiff stated that he was going to file a grievance about Stg. Hammoudeh's behavior, and Sgt. Hammoudeh responded by yelling, "If Bullock files any more [grievances] I'm coming back and tearing up everyone[']s locker." *Id.* Plaintiff believes this was said with the intent of getting him jumped or stabbed. Plaintiff filed grievances about these occurrences, but nothing was done. Plaintiff also alleges that the prison has stopped giving him medication for his high level of Valley Fever. *Id.*

By order dated July 21, 2017, the Court requested that the Warden of CHCF file a response to the allegations in the July 20, 2017 Motion. (ECF No. 61.) On August 4, 2017, Warden M. Martel of CHCF filed a response in which he contends the occurrences set forth in the motion were investigated by Correctional Captain A. Vasquez and A.W.J. Porras and were found to be untrue and unsubstantiated. (ECF No. 64.) Specifically, Warden Martel states that Plaintiff's allegations concerning threats by Sgt. Hammoudeh were initially corroborated by another inmate, but the inmate later recanted his statement. Warden Martel also states that any delay in dispensing Plaintiff's medication is due to "a cut-over to a new electronic data base [*sic*] for inmate medical

3

records." *Id.* He further argues that this Court does not have jurisdiction over personnel at CHCF, and that Plaintiff has not exhausted his administrative remedies concerning the issues raised in the July 20, 2017 Motion.

On August 7, 2017, Plaintiff filed an emergency motion to compel his transfer from CHCF and to compel commencement of a criminal investigation ("the August 7, 2017 Motion"). (ECF No. 65.) Plaintiff states that the staff at CHCF is interfering with this action by searching, taking, and reading his complaint and is retaliating against him by threatening him and attempting to cause him harm or death. Plaintiff explains that he ran out of his medication for Valley Fever, and was told that he would receive a refill on July 31, 2017. When he went to pick up his refill on July 31, 2017, he was told to come back on August 5, 2017. Plaintiff noticed and pointed to a bag containing the medication, but a woman, identified as "Bocanegra," refused to give it to him. *Id.* He told Bocanegra that he would die without a refill of his medication and directed her to call his doctor, but she refused to call the doctor. Plaintiff then began having chest pains. Plaintiff told Bocanegra that he was having chest pains, but she refused to call for medical assistance. A correctional officer and a registered nurse came to assist Plaintiff. The registered nurse directed Bocanegra to give Plaintiff the medication. Bocanegra gave Plaintiff a bag that indicated the within medication was dispensed on July 29, 2017. Plaintiff contends Bocanegra attempted to withhold his medication despite knowing he would get sicker and die. Plaintiff seeks the initiation of a criminal investigation against Bocanegra for attempted murder. *Id.*

Plaintiff also states that on August 1, 2017, Sgt. Hammoudeh intentionally packed all the inmates into one section of the facility's dormitory so that other inmates would get hot and attack Plaintiff for filing grievances. Plaintiff further contends Sgt. Hammoudeh stated, "Bullock you got anything to say to me now," in order to let other inmates know that he packed them into the dormitory because Plaintiff filed a grievance. *Id.* Plaintiff states that he believes Sgt. Hammoudeh's actions will lead to someone dying or being injured.

On August 28, 2017, Plaintiff filed a motion to compel and notice of change of address. Plaintiff states that he was transferred from CHCF to California Medical Facility ("CMF") on August 7, 2017. Upon arriving at CMF, he was not given his personal property, including legal

documents, a bible, and shower shoes. Plaintiff states that a correctional officer instructed another officer not to give Plaintiff his personal property because it contained legal documents that they needed to look through. The correctional officer also instructed Plaintiff to file a "22 form." *Id.* Plaintiff filed a 22 form on August 8, 2017, but did not receive a response as of August 12, 2017. Plaintiff also submitted a "602 complaint." *Id.* Plaintiff contends CMF's actions were an attempt to intentionally block, delay, and interfere with his access to the courts, curtail his freedom of religion, and inflict cruel and unusual punishment.

Plaintiff also seeks: (1) an order directing CMF to allow Plaintiff meaningful access to the facility's law library; (2) an order granting Plaintiff leave to amend his complaint to include staff at CMF and CHCF; (3) an order initiating the criminal investigation of California Health Care Facility Medical for depriving him of medication, Stg. Hammoudeh for attempting to get him killed, and Cpt. Vasquez, Warden Martel, A.W.J. Porras, and the OAG for falsifying statements in Warden Martel's response to the July 20, 2017 Motion; (3) an order directing CMF to give Plaintiff a jacket, sheets, and shoes; and (4) an order directing that any documents sent to Plaintiff after August 2, 2017 be sent to him at his new address. *Id.*

On October 4, 2017, Defendants filed an opposition to the August 28, 2017 motion. (ECF No. 72.) Defendants argue that Plaintiff's motion is procedurally defective, that Plaintiff failed to exhaust his administrative remedies concerning the issues raised in the motion, and that the Court lacks personal jurisdiction over personnel at CHCF and CMF in this action. *Id.*

## II. DISCUSSION

### A. Injunctive Relief

Injunctive relief "is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted). Furthermore, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985). An injunction binds only the parties to the action, their officers, agents,

servants, employees, and attorneys, and other persons who are in active concert or participation with them." Fed. R. Civ. P. 65(d)(2)(A)-(C).

In the context of prisoner litigation, requests for prospective relief are also limited by the requirement that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Also, "[w]hen an inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility and has no reasonable expectation of returning, his claim is moot." *Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir.1991)); *see also Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995).

First, by his May 11, 2017, July 20, 2017, and August 7, 2017 motions, Plaintiff seeks his transfer from CHCF. (ECF Nos. 54, 60, 65.) By his May 11, 2017 and May 15, 2017 motions, Plaintiff also requests that the Court direct CHCF to allow him meaningful access to the facility's law library, to stop reading and taking his legal papers and personal items, and to search Plaintiff's personal property only in Plaintiff's presence. (ECF Nos. 54, 55.) However, according to Plaintiff's notice of change of address, on August 7, 2017, he was transferred from CHCF to CMF. (ECF No. 68.) Plaintiff does not allege that he has a reasonable expectation of returning to CHCF. Accordingly, Plaintiff's requests for injunctive relief pertaining to CHCF are now moot.

Second, by the August 28, 2017 motion, Plaintiff requests that the court direct CMF to allow him meaningful access to the facility's law library. (ECF No. 68.) Plaintiff also seeks to compel CMF to give him a jacket, sheets, and shoes. The pendency of an action related to conduct by specific prison officials does not in itself give the Court jurisdiction over prison officials in general. *Zepeda*, 753 F.2d at 727; *see also Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in the pending action and to the viable legal claims upon which the action is proceeding. *Id*. Here, the Court does not have personal jurisdiction over the persons and entities against which Plaintiff seeks redress. While Plaintiff does not name a particular employee of CMF, the only defendants to this action are Brock Sheela and C. Rios,

6

employees of Wasco State Prison. Therefore, the Court cannot compel CHCF or CMF to allow Plaintiff access to the facility's law library or to give Plaintiff particular items.

### B. Criminal Investigations

By his August 7, 2017 and August 28, 2017 motions, Plaintiff requests an order commencing criminal investigations against California Health Care Facility Medical, Stg. Hammoudeh, Cpt. Vasquez, Warden Martel, A.W.J. Porras, and the OAG. The doctrine of separation of powers precludes federal courts from ordering criminal investigations and prosecutions. *See Wayte v. United States*, 470 U.S. 598, 607 (1985). Prosecutorial agencies have exclusive authority to conduct criminal investigations and prosecutions. *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case.") The decision "whether to prosecute and what charge to file . . . generally rest[s] in the prosecutor's discretion." *United States v. Batchelder*, 442 U.S. 114, 124 (1979). Federal courts cannot instigate criminal investigations and prosecutions, and cannot compel a prosecutorial authority to do so. *See, e.g., Bettencourt v. Parker*, No. 116CV00150DADBAMPC, 2016 WL 4137242, at *2 (E.D. Cal. Aug. 4, 2016), report and recommendation adopted, No. 116CV00150DADBAMPC, 2016 WL 4796313 (E.D. Cal. Sept. 13, 2016) ("The Court cannot compel any local prosecutor to investigate or instigate a criminal prosecution."); *Badwi v. Hedgpeth*, No. C 08-02221 SBA PR, 2011 WL 89729, at *6 (N.D. Cal. Jan. 11, 2011) ("[T]he Court cannot compel the State Attorney General's Office to instigate criminal prosecution."). Here, the Court is without authority to grant Plaintiff's request to instigate criminal investigations against California Health Care Facility Medical, Stg. Hammoudeh, Cpt. Vasquez, Warden Martel, A.W.J. Porras, and the Attorney General of the State of California. Accordingly, Plaintiff's motion is denied. However, if Plaintiff wishes to file a criminal complaint, he may contact the appropriate prosecuting authority.

### C. Amendment

By his August 28, 2017 motion, Plaintiff also seeks to amend his complaint to add new claims and new defendants regarding allegations arising from incidents that occurred after this action was filed on December 24, 2013. A supplemental complaint addresses matters occurring

after the original complaint is filed. Fed. R. Civ. P. 15(d). Therefore, the Court construes the motion to amend as a motion for leave to supplement the complaint.

Federal Rule of Civil Procedure 15(d) provides the mechanism for supplemental pleading. Pursuant to Rule 15(d), the court may permit a party to supplement his complaint in order to set out any transaction, occurrence, or event that happened since the date of the pleading sought to be supplemented. *Id.* A supplemental pleading, however, may not introduce a "separate, distinct and new cause of action" *Planned Parenthood of S. Arizona v. Neely,* 130 F.3d 400, 402 (9th Cir. 1997) (citation omitted). "To comply with Rule 8 each plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840–41 (9th Cir. 2000) (internal quotations and citations omitted). "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *K'napp v. California Dept. of Corrections*, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), *aff'd sub nom. K'napp v. California Dept. of Corrections & Rehabilitation*, 599 Fed. Appx. 791 (9th Cir. 2015) (internal quotations and citations omitted).

In his Fourth Amended Complaint, Plaintiff alleges that in August to October 2013, he was having chest, side, and lower back pains, experiencing dizziness, and spitting blood while at Wasco State Prison. He submitted medical requests to Defendant Brock Sheela, his Primary Care Provider, but Defendant Sheela refused to help. Plaintiff suffered a heart attack due to the five months that his condition went untreated. Plaintiff alleges his medical record indicates that he refused treatment, but Defendant Rios forged the refusals dated September 13, 2013 and October 18, 2013. Plaintiff further alleges that Defendant Sheela was angry that Plaintiff filed a grievance claiming racial discrimination against Defendant Sheela. Due to Defendant Sheela's anger over Plaintiff's allegations of racial discrimination, Defendant Sheela falsified a report that Plaintiff was faking illness.

Plaintiff now seeks to join in this action employees at CHCF and CMF who he alleges have retaliated against him by blocking his access to the court, trying to cause his death, and inflicting cruel and unusual punishment. From what the Court can glean from Plaintiff's motions, the alleged events occurred between April 27, 2017 and August 28, 2017. They did not occur at Wasco State Prison, and do not involve parties named in this action. Thus, Plaintiff's proposed amendment would introduce claims unrelated to and distinct from the claims in this action. Additionally, Plaintiff's original complaint was filed in this action on December 23, 2013 (ECF No. 1). Adding new claims and defendants would further delay this case from moving forward.

Accordingly, Plaintiff's motion to amend his complaint to include staff at CMF and CHCF is denied. Plaintiff is not, however, prohibited from commencing a new, separate action.

**D. Other Relief**

Plaintiff requests an order directing that any documents sent to him after August 2, 2017 be sent to his new address. (ECF No. 68.) The Clerk's Office is DIRECTED to send a courtesy copy of the docket and a copy of the documents identified by electronic case filing numbers 64, 67, and 70 to Plaintiff's current address: Gordon Bullock , CDCR #: AP9611, California Medical Facility, 1600 California Drive, Vacaville, CA 95696.

**III. CONCLUSION**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motions for injunctive relief against California Health Care Facility, (ECF Nos. 54, 55, 60, 65), be DENIED.
2. Plaintiff's motion to compel California Medical Facility to allow him meaningful access to the facility's law library and to give him particular items, (ECF No. 68), be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed

within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that Plaintiff's motion to amend his Fourth Amended Complaint, (ECF No. 60), is DENIED, and Plaintiff's motions to compel the commencement of various criminal investigations, (ECF Nos. 65, 68), are DENIED. Plaintiff's motion for redelivery of any documents sent to him after August 2, 2017, (ECF No. 68), is GRANTED.

IT IS SO ORDERED.

Dated: **October 20, 2017**　　　　　　　/s/ *Eric P. Gross*
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE