# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON BULLOCK,<br><br>    Plaintiff,<br><br>v.<br><br>BROCK SHEELA, *et al.*,<br><br>    Defendants. | Case No. 1:14-cv-00092-DAD-EPG-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY, AND GRANTING PLAINTIFF'S REQUEST TO, IN EFFECT, FILE SUR-REPLY.**<br><br>(ECF Nos. 57, 58, 74) |

    Gordon Bullock ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action by the filing of a Complaint on December 24, 2013. (ECF No. 1.) This action is now proceeding on Plaintiff's Fourth Amended Complaint against Brock Sheela and C. Rios. (ECF No. 26.)

    On June 2, 2017, Plaintiff filed a motion to compel Defendants' compliance with the Court's order. (ECF No. 57.) Plaintiff argues that Defendants failed to produce documents in response to his Request for Production of Documents, Set One. *Id.* Plaintiff also argues that at a deposition on May 22, 2017, defense counsel, Lawrence Bragg, Esq., took a notebook from Plaintiff. *Id.* Plaintiff requests that the Court sanction Defendants for failing to obey the Court's instructions, and order Defendants to produce all e-mails or other documents responsive to his Request for Production of Documents, Set One, return the notebook, and send a transcript of the deposition of Plaintiff taken on May 22, 2017. *Id.*

1

On June 7, 2017, Plaintiff filed another motion to compel discovery, (ECF No. 58), in which Plaintiff argues that defense counsel Bragg ordered him to turn over his notebook to Gilbert Martinez, a court reporter for Atkinson-Back Inc., in order to delay or tamper with evidence. *Id.* Plaintiff also argues that Defendants have failed to produce e-mails in response to his Request for Production of Documents, Set One and failed to respond to his verbal request for logbooks of inmates' visits to the medical facility at Wasco State Prison. *Id.* Plaintiff requests an order directing defense counsel Bragg and Mr. Martinez to return his notebook, and directing Defendants to turn over all documents responsive to his Request for Production of Documents, Set One as well as logbooks for the medical facility during the period of August 6, 2013 to October 29, 2013. *Id.*

On June 23, 2017, Defendants filed their opposition to Plaintiff's motions to compel. (ECF No. 59.) Defendants state that on or about May 23, 2017, they responded to Plaintiff's fourteen separate requests for production. Defendants objected to the requests numbered 1-4, 7-8, and 11-14, which requested production of e-mails, because responsive documents do not exist. *Id.* at 3. Defendants produced documents responsive to request number 5, but objected to request number 6, 9, and 10 because they were previously produced with their initial disclosures and available to Plaintiff as part of his "Central File." *Id.* Defendants argue that Plaintiff failed to meet and confer in accordance with Fed. R. Civ. P. 37(a)(1) and Local Rule 251(B) prior to filing his motions to compel, and fails to meet his burden of demonstrating why Defendants' objections are not justified. *Id.* Defendants also argue that Plaintiff cannot compel production of documents that do not exist, that are already in his possession or available to him, or through verbal requests. *Id.* Defendants further argue that the notebook has been returned to Plaintiff, and that the deposition transcript has been forwarded to Plaintiff for review. *Id.*

On July 27, 2017, Defendants filed a motion for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies. (ECF No. 62.) On August 7, 2017, Plaintiff filed an opposition to the motion for summary judgment. (ECF No. 66.) On August 15, 2017, Defendants filed a reply to Plaintiff's opposition. (ECF No. 67.) On August 31, 2017, Plaintiff filed an opposition to Defendants' reply. (ECF No. 69.) On September 8, 2017, Defendants filed

objections to Plaintiff's opposition, arguing that it constitutes improper sur-reply, and should be stricken. (ECF NO. 70.)

On September 27, 2017, a telephonic discovery conference was held before the Court. (ECF No. 71.) At the conference, Plaintiff stated that he has received his notebook and a transcript of the May 22, 2017 deposition. Plaintiff also stated that he has received all requested discovery, except two grievances filed by other inmates against Defendant Rios.

On October 6, 2017, Plaintiff filed a third motion to compel, in which he requests that the Court allow him the opportunity to amend his statements made during the September 27, 2017 conference concerning whether he has exhausted his administrative remedies. (ECF No. 74.) On October 17, 2017, Defendants filed an opposition to Plaintiff's third motion to compel, (ECF No. 75), in which they argue that the motion to compel constitutes a sur-reply to the motion for summary judgment, and should be stricken. *Id.*

As Plaintiff has stated that he received all written requested discovery, his motions to compel, (ECF Nos. 57, 58), are denied as moot. However, if Plaintiff believes that Defendants improperly failed to produce other discovery documents in response to a written request for production, Plaintiff is permitted to file a motion to compel. Plaintiff's motion to compel must clearly identify which discovery requests are the subject of the motion to compel, why the information sought is relevant, and why Defendants' objections to production are not justified.

Plaintiff's motion to, in effect, submit a sur-reply, (ECF No. 74), is granted. Defendants' request, (ECF No. 70), to strike Plaintiff's opposition, (ECF No. 69), is denied. While neither the Local Rules nor the Federal Rules of Civil Procedure authorizes the filing of a sur-reply, a district court may in its discretion allow a sur-reply "where a valid reason for such additional briefing exists." *Hill v. England*, 2005 WL 3031136, *1 (E.D. Cal. Nov. 8, 2005). Here, Plaintiff's sur-replies set forth arguments detailing a timeline crucial to the disposition of the motion for summary judgment. Thus, in the interest of justice, the Court shall permit Plaintiff to submit the sur-replies, (ECF Nos. 69, 74), in opposition to the motion for summary judgment. The motion for summary judgment is now fully briefed, and no further submissions will be considered in deciding the motion.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motions to compel, (ECF Nos.57, 58), are DENIED; and
2. Plaintiff's motion to, in effect, submit a sur-reply, (ECF No. 74), is GRANTED.

IT IS SO ORDERED.

Dated: **October 20, 2017**

/s/ *Erin P. Gross*
UNITED STATES MAGISTRATE JUDGE

4