# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON BULLOCK,<br><br>    Plaintiff,<br><br>v.<br><br>BROCK SHEELA, *et al.*,<br><br>    Defendants. | Case No. 1:14-cv-00092-DAD-EPG-PC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF**<br><br>(ECF No. 80)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS**<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR A CRIMINAL INVESTIGATION**<br><br>(ECF No. 80) |

## I. BACKGROUND

Gordon Bullock ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action by the filing of a complaint on December 24, 2013. (ECF No. 1). This action is now proceeding on Plaintiff's Fourth Amended Complaint against Brock Sheela and C. Rios, medical professionals at Wasco State Prison. (ECF Nos. 25, 26).

Plaintiff filed a motion to compel on February 5, 2018. (ECF No. 80). Plaintiff alleges that on September 3, 2017, it was extremely hot and there was no ventilation or air. He went to

1

retrieve a fan, and C.O. Felder told him he could not move the fan. Plaintiff could barely breathe, and had to be taken to medical. Plaintiff contends that C.O. Felder was deliberately indifferent and retaliated against him for filing grievances. Specifically, Plaintiff states:

> I had to be took [sic] to medical because of Felders [sic] Deliberate Indifference and Retallation [sic] for me filing Lawsuits, I filed 602 Log #CMF-17-03040, and as I explained on page 1, staff refuses me access to grievance process [] to hide crimes and abuses, retaliation [sic] by staff with on elevating my Valley Fever Titer level and stress level to induce heart attack and cause death in retalliation [sic] and a need to silence me so I can't expose corruption and abuses by C.D.C.R., other abuses in retalliation [sic] for lawsuit case No. 1:14-cv-0092 EPG (PC).

Plaintiff further alleges that on December 26, 2017, it was very cold and C.O. Borges turned on all the fans and cooler in the dayroom. C.O. Borges said that he would turn off the fans and cooler, but never did. Plaintiff developed a sore throat and had trouble breathing. Plaintiff began yelling, "Man down," because C.O. Borges would not turn off the fans and cooler. Plaintiff told C.O. Borges that he would continue to yell if the officer did not call medical. The officer took Plaintiff to the clinic, but the clinic sent Plaintiff back to his cell. The officer took Plaintiff to his cell, and refused to give him a 602 complaint form. The officer left a big fan blowing in Plaintiff's face. Plaintiff remained in his cell trembling, and developed chest pains. Plaintiff was again taken to the clinic for chest pains, but was sent back to his cell. Plaintiff awoke with a sore throat and runny nose.

Plaintiff also alleges that on September 26, 2017, his dorm was searched by C.O.S. Garcia, who after reading his legal work, threw his property everywhere, and scattered his legal documents for this action. C.O.S. Garcia also took several items, including blood pressure medication, a water jug, a "chrest board," and ink pens. Plaintiff submitted a grievance, but it was improperly processed.

Plaintiff further alleges that Trust Account Supervisor Cristina Hall is embezzling his funds by taking or holding his entire month's pay so that his trust account total reaches the $10.00 threshold necessary for deductions for court fees. Plaintiff contends that Cristina Hall intends to create a hardship to induce him to have a heart attack.

Plaintiff also alleges that correctional officers have denied him access to toilets, causing

him to urinate on himself and to refrain from taking medication in fear that drinking too much water will make him urinate on himself.

Plaintiff requests that the Court order that he be transferred to a warmer facility and that all forms of harassment and harm against him cease. Plaintiff also requests that the Court appoint someone to investigate attempts to murder him, as he is a witness in this case.

## II. DISCUSSION

### A. Injunctive Relief

Injunctive relief "is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id*. at 22 (citation omitted). Furthermore, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv*., 753 F.2d 719, 727 (9th Cir. 1985). An injunction binds only the parties to the action, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with them." Fed. R. Civ. P. 65(d)(2)(A)-(C).

In the context of prisoner litigation, requests for prospective relief are also limited by the requirement that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). In addition, "[w]hen an inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility and has no reasonable expectation of returning, his claim is moot." *Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir.1991)); *see also Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995).

Plaintiff's motion to compel his transfer to a different facility alleges claims against actors that are not parties to this action. The pendency of an action related to conduct by specific prison officials does not in itself give the Court jurisdiction over prison officials in general. *Zepeda*, 753 F.2d at 727; *see also Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v.*

*United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in the pending action and to the viable legal claims upon which the action is proceeding. *Id*. Here, the Court does not have personal jurisdiction over C.O. Felder, C.O.S. Garcia, C.O. Borges, Cristina Hall, California Medical Facility, and California Department of Corrections and Rehabilitation, as a whole. Therefore, the Court cannot compel these persons or entities to transfer Plaintiff to a new facility or to refrain from acting in a manner that Plaintiff finds to be harassing or harmful. Accordingly, Plaintiff's motion to compel his transfer to another facility should be denied.

Plaintiff may file a separate action setting forth the above allegations.

### B. Criminal Investigations

The doctrine of separation of powers precludes federal courts from ordering criminal investigations and prosecutions. *See Wayte v. United States*, 470 U.S. 598, 607 (1985). Prosecutorial agencies have exclusive authority to conduct criminal investigations and prosecutions. *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case.") The decision "whether to prosecute and what charge to file . . . generally rest[s] in the prosecutor's discretion." *United States v. Batchelder*, 442 U.S. 114, 124 (1979). Federal courts cannot instigate criminal investigations and prosecutions, and cannot compel a prosecutorial authority to do so. *See, e.g., Bettencourt v. Parker*, No. 116CV00150DADBAMPC, 2016 WL 4137242, at *2 (E.D. Cal. Aug. 4, 2016), report and recommendation adopted, No. 116CV00150DADBAMPC, 2016 WL 4796313 (E.D. Cal. Sept. 13, 2016) ("The Court cannot compel any local prosecutor to investigate or instigate a criminal prosecution."); *Badwi v. Hedgpeth*, No. C 08-02221 SBA PR, 2011 WL 89729, at *6 (N.D. Cal. Jan. 11, 2011) ("[T]he Court cannot compel the State Attorney General's Office to instigate criminal prosecution.").

Here, the Court is without authority to grant Plaintiff's request to instigate criminal investigations against any actor. Accordingly, Plaintiff's motion to compel the initiation of a criminal investigation for attempted murder is denied.

If Plaintiff wishes to file a criminal complaint, he may contact the appropriate prosecuting authority.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion to compel his transfer to a new facility, (ECF No. 80), be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally**, IT IS ORDERED** that Plaintiff's motion to compel the commencement of a criminal investigation, (ECF No. 80), is DENIED.

IT IS SO ORDERED.

Dated: **February 28, 2018**　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE