# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON BULLOCK,<br><br>        Plaintiff,<br><br>v.<br><br>BROCK SHEELA, *et al.*,<br><br>        Defendants. | Case No. 1:14-cv-00092-DAD-EPG (PC)<br><br>**ORDER FOLLOWING DISCOVERY AND STATUS CONFERENCE** |

    Gordon Bullock ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On March 12, 2018, the Court held a discovery and status conference, at which Plaintiff telephonically appeared, and R. Lawrence Bragg telephonically appeared on behalf of Defendants.

    The Court discussed the pending motion for summary judgment, (ECF No. 83), and Plaintiff requested an extension of time to file his opposition. The Court granted Plaintiff's request, and directed him to submit an opposition on or before April 6, 2018.

    The Court also discussed Defendant's Motion for Summary Judgment for Failure to Exhaust an Available Administrative Remedy, (ECF No. 62). As discussed on the record, the Court has issued findings and recommendations, recommending that the motion be granted in part and denied in part based on disputes of fact. (ECF No. 84). The Court also set an evidentiary hearing, which the Court will take off calendar in the event the District Judge declines to adopt

the findings and recommendations.

Accordingly, an evidentiary hearing on the issue of exhaustion of administrative remedies is scheduled for May 17, 2018, at 10:00 a.m.

Plaintiff will be given until April 6, 2018, to file a motion for the attendance of witnesses. The motion should be entitled "Motion for Attendance of Witnesses." The motion must: (1) state the name, address, and prison identification number (if any) of each witness Plaintiff wants to call; (2) explain what relevant information each witness has, and how that witness has personal knowledge of the relevant information; and (3) state whether each such witness is willing to voluntarily testify.[1]

Defendants will be given until April 13, 2018, to file their opposition, if any, to the motion. In their opposition (or separately, if Defendants have no opposition to the motion), Defendants should state whether they would prefer a video conference appearance for any inmate witness, and if so, whether the inmate witness's institution of confinement can accommodate a video conference appearance.

The Court notes that the evidentiary hearing is related only to the issue of exhaustion of administrative remedies. Accordingly, Plaintiff should only ask for the attendance of witnesses that have information relevant to the issue of exhaustion (which includes the issue of the availability of administrative remedies).

In accordance with the above, and as discussed on the record at the conference, IT IS HEREBY ORDERED that:

---

[1] If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. *Id.* In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses. 28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness. The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if Plaintiff was granted leave to proceed *in forma pauperis*.

For the reasons stated on the record at the conference, IT IS ORDERED that:

1. Plaintiff's opposition to Defendant's Motion for Summary Judgment, (ECF No. 83), shall be due on April 6, 2018;
2. An evidentiary hearing is set for May 17, 2018, at 10:00 a.m., at the Robert E. Coyle Federal Courthouse, 2500 Tulare Street, Fresno, CA 93721, in Courtroom #10;
3. Plaintiff has until April 6, 2018, to file a motion for the attendance of witnesses;
4. Defendants have until April 13, 2018, to file their opposition, if any, to the motion. In their opposition (or separately, if Defendants have no opposition to the motion), Defendants should state whether they would prefer a video conference appearance for any inmate witnesses, and if so, whether the inmates witnesses' institution of confinement can accommodate a video conference appearance;
5. The parties have until April 6, 2018, to file and serve their respective witness lists (which should include the name and title of each witness they may call);
6. The parties have until April 6, 2018, to file and serve their respective exhibit lists (these lists do not need to include evidence that was submitted in support of, or in opposition to, Defendants' motion for summary judgment);
7. All evidence must be introduced at the evidentiary hearing. In issuing its findings and recommendations after the evidentiary hearing, the Court will only consider evidence that has been admitted at the evidentiary hearing; and
8. If either of Defendants' motions for summary judgment is granted, the Court will vacate the evidentiary hearing.

IT IS SO ORDERED.

Dated: **March 14, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE