UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON BULLOCK,<br><br>    Plaintiff,<br><br>v.<br><br>BROCK SHEELA, et al.,<br><br>    Defendants. | No. 1:14-cv-00092-DAD-EPG<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE FOR EVIDENTIARY HEARING</u><br><br>(Doc. Nos. 62, 78, 84) |

    Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On February 28, 2018, the assigned magistrate judge issued findings and recommendations recommending that: (1) plaintiff's motion for summary judgment (Doc. No. 78) be denied; (2) defendants' summary judgment motion due to plaintiff's failure to exhaust administrative remedies prior to filing suit (Doc. No. 62) be granted in part and denied in part; and (3) defendants be given twenty-one days from the date any order adopting is entered to request an evidentiary hearing on the issue of whether plaintiff properly submitted an inmate

1

grievance that prison officials failed to process.  (Doc. No. 84.)  The findings and recommendations were served on the parties, and contained notice that objections thereto were to be filed within twenty-one days.

Defendants filed objections to the findings and recommendations on March 21, 2018. (Doc. No. 88.)  Therein, defendants argue plaintiff knew he had previously suffered a heart attack by December 3, 2013, at the latest, and knew he had previously contracted Valley Fever by January 14, 2014, at the latest, based on the allegations of his original complaint, as well as those made in his second and third amended complaints.  (*See* Doc. No. 88 at 3–4.)  Because of this, defendants' contend his purported inmate appeal filed March 7, 2014 was untimely.  (*Id.* at 4.) As the magistrate judge observed in the findings and recommendations, however, plaintiff testified at his deposition that he did not become aware of the harm he had suffered until February 14, 2014, which would render his March 7, 2014 inmate appeal timely.  (Doc. No. 84 at 10.) Defendants argue that plaintiff's deposition testimony may not contradict the statements in his prior complaints.  (Doc. No. 88 at 3–4) (citing *Van Asdale v. International Game Technology*, 577 F.3d 989 (9th Cir. 2009)).

*Van Asdale*, however, concerned application of the "sham affidavit" rule, which holds that, as a general rule, "a party cannot create an issue of fact by an affidavit [submitted in defense of a summary judgment motion] contradicting his prior deposition testimony."  577 F.3d at 998. The issue before this court is not the same as that presented in *Van Asdale*, since here plaintiff's deposition testimony and not a subsequently-drafted affidavit, creates the genuine dispute of material fact.  Additionally, the Ninth Circuit has noted that the "sham affidavit" rule "should be applied with caution," since "[a]ggressive invocation of the rule . . . threatens to ensnare parties who may have simply been confused during their deposition testimony and may encourage gamesmanship by opposing attorneys."  *Id.* (quoting *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993)).  Thus, in order to invoke the rule, the court must make a factual finding that the contradicting evidence was indeed a "sham," and must conclude that the inconsistency is not the result of "an honest discrepancy, a mistake, or newly discovered evidence."  *Id.* at 998–99 (quoting *Messick v. Horizon Indus.*, 62 F.3d 1227, 1231 (9th Cir.

1995)). What defendants propose here is, in essence, a "sham testimony" rule, holding that deposition testimony may not deviate from prior pleadings.[1] No authority for such a rule has been presented to this court. Moreover, no finding was made or should be made here that plaintiff's deposition testimony was a sham. The veracity of plaintiff's testimony will be tested at an evidentiary hearing in this case, which the magistrate judge has already scheduled for May 17, 2018. (*See* Doc. No. 87.) This is entirely appropriate. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for [further factual resolution].").

Defendants also contend they are entitled to summary judgment on plaintiff's retaliation claim against defendant Sheela. Particularly, defendants assert plaintiff did not dispute their statement of undisputed material facts, one of which was that plaintiff never submitted an inmate grievance alleging defendant Sheela had retaliated against him. (Doc. No. 88 at 5.) In concluding there was a genuine dispute of material fact as to this issue, the magistrate judge based the finding and recommendations on the evidence actually presented—plaintiff's deposition testimony—rather than defendants' characterization of that evidence in its statement of facts. (Doc. No. 84 at 11.) This too is entirely appropriate, and provides no grounds on which to reject the magistrate judge's findings. *Bischoff v. Brittain*, 183 F. Supp. 3d 1080, 1084 (E.D. Cal. 2016) ("The court's decision [on a summary judgment motion] relies on the evidence submitted rather than how that evidence is characterized in the statements."); *Williams v. City of Medford*, No. 09-3026-CL, 2011 WL 5842768, at *3 (D. Ore. Oct. 19, 2011) (noting the court only considers

---

[1] Aside from the dissimilarities between the present case and *Van Asdale*, the court notes that only one of the three complaints defendants refer to could be considered evidence, because neither the second nor third amended complaint was signed by plaintiff under penalty of perjury. *See Schroeder v. McDonald*, 55 F.3d 454, 460 n.10 (9th Cir. 1995) (verified complaint signed under penalty of perjury which states specific facts admissible in evidence and based on personal knowledge may be used as affidavit opposing summary judgment). The verified complaint states "I put in Lots of Medical request never Saw Doctor until 12-2-13 at Soledad where he Informed me of High blood pressure and Put on Medcation for my Heart." (Doc. No. 1 at 2) (typographical errors in original). This allegation does not state that plaintiff was told on December 2, 2013 that he had previously suffered a heart attack.

3

evidence submitted, not a party's characterizations of that evidence), *report and recommendation adopted*, 2011 WL 5842762 (D. Ore. Nov. 21, 2011).

Plaintiff has also filed objections, essentially opposing defendants' objections and reiterating what the magistrate judge had already recommended. (Doc. No. 89.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including the objections of both parties, the undersigned concludes the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued February 28, 2018 (Doc. No. 84) are adopted in full;
2. Defendants' motion for summary judgment due to plaintiff's failure to exhaust administrative remedies prior to filing suit (Doc. No. 62) is denied in part and granted in part;
3. Plaintiff's motion for summary judgment (Doc. No. 78) is denied; and
4. This action is referred back to the assigned magistrate judge for further proceedings, including an evidentiary hearing on the issue of whether plaintiff properly submitted an inmate grievance that prison officials failed to process.

IT IS SO ORDERED.

Dated: **March 28, 2018**

UNITED STATES DISTRICT JUDGE

4